Taft, J.
In support of her contention that the judgments below should be affirmed, plaintiff relies on Section 9391, G-eneral Code, which reads:
“No answer to any interrogatory made by an applicant, in his or her application for a policy, shall bar the right to recover upon any policy issued thereon, or be used in evidence upon any trial to recover upon such policy, unless it be clearly proved that such answer is wilfully false, was fraudulently made, that it is material, and induced the company to issue the *238 policy, and that bnt for such answer the policy would not have been issued; and, also that the agent or company had no knowledge of the falsity or fraud of such answer. ’ ’
On the evidence in this record, reasonable minds could only conclude that the answers of the insured in his application, which have hereinbefore been quoted, were material and induced the defendant to issue the policy and that but for such answers the policy would not have been issued. Haddad v. New York Life Ins. Co. (C. C. A. 6), 42 F. (2), 651. See annotation at 131 A. L. R., 617.
Although apparently recognizing that neither defendant nor any of its agents had “knowledge of the falsity or fraud” of those answers, plaintiff contends that reasonable minds might conclude that defendant’s medical examiner should have acquired knowledge of their falsity from his examination of the insured. However, the only evidence in the record is to the effect that the usual one-half hour examination given by defendant’s medical examiner to applicants such as insured did not and would not disclose the particular heart condition for which the insured was being treated and of which he died and that such condition could be disclosed, if at all, only by a more extensive examination, which would not be given unless the answers of such an applicant disclosed some reason for having doubt as to the condition of his health.
The mere fact that an insurer had its medical examiner examine the insured before issuing a policy of life insurance will not relieve the insured or those claiming rights under the policy issued on his life from the consequences of wilfully false and fraudulently made answers in the part of the insured’s application relating to the condition of his health. Monahan v. Mutual Life Ins. Co., 192 Wis., 102, 109, 212 N. W., 269, 272.
Although admittedly the answers of insured in his *239 application, which have hereinbefore been quoted, were “false,’ ’ plaintiff contends that reasonable minds might conclude that they were not ‘ ‘ wilfully false ’ ’ and ‘ ‘ fraudulently made.”
In support of that contention it is urged that, although the undisputed evidence discloses that he was, there is no evidence that insured knew that he was being treated for a serious ailment. However, it is unreasonable to infer that the insured did not know that he was suffering from a serious ailment in view of the undisputed evidence of his 11 regular visits to a physician during the nine months before his application for the policy, including one nine days before that application, and also his subsequent visit to a physician just 19 days after that application. See Mutual Life Ins. Co. v. Hurni Packing Co. (C. C. A. 8), 260 F., 641, 644; Bailey v. Pacific Mutual Life Ins. Co., 336 Pa., 62, 64, 6 A. (2), 770, 771.
In the absence of any evidence tending to prove that insured did not know that he had been treated for a serious ailment, our conclusion is that the trial court should have granted defendant’s motion for a directed verdict and, after refusing to do so, should have granted defendant’s motion for judgment notwithstanding the verdict.
The judgment of the Court of Appeals is therefore reversed and final judgment is rendered, as requested by defendant, determining that defendant’s sole liability to plaintiff is for the amount of the $26.76 premiums paid to defendant on the policy and heretofore tendered to plaintiff.

Judgment reversed.

Stewart, Middleton, Matthias and Hart, JJ., concur.
Zimmerman, J., concurs in paragraphs one and three of the syllabus but dissents from the judgment.